In The United States District Court
Northern District of Texas
Lubbock Division

United States Of America

Vs.                                    Cause No. 02-CR-062-C.

Frank R. Guevara.

## Questions Presented

1. What is the effect, if any, of the Supreme Court's recent decision in United States vs. Booker upon the adjudication of the crime-of-violence sentencing issue Guevara's appeal?

2. What specific action should this Court take in response to the Booker decision?

## Summary Of Answers Provided

Question I. There is no immediate effect. Booker does nothing to avoid this Court's continuing statutory obligation to review sentencing guideline calculation to ensure their accuracy. That was—and remains—this Court's first task in this (and in any subsequent) guidelines-application Sentencing Appeal. First and foremost, this Court must determine whether Guevara's conviction qualifies as a § 4B1.2 crime of violence

1.

Question II: Regardless of how this Court adjudicates the crime-of-violence sentencing issue, it must remand the case to the district court for resentencing consistent with Booker.

- If the conviction qualifies as a crime of violence, then before resentencing Guevara, the district court must consider the corrected — and must lower — advisory guideline range;
- If the conviction does not qualify as a crime of violence, then the district court must nevertheless resentence Guevara after considering all § 3553(a) factors — which may include consideration of § 3553(a)(2)(A)'s requirement of "a just sentence" in light of Congress's intervening legislation strongly suggesting that Guevara's conduct does not merit life imprisonment.
  - Only after the district has resentenced Guevara under Booker may this Court review the new sentence for "unreasonableness."

## Analysis

In the post-Booker world, (1) the guidelines are not advisory — Section 3553(b)(1) (the "mandatory" provision) fails to pass constitutional muster; and (2) Section 3742(e) — prescribing appellate de novo review for sentences falling outside the guideline ranges — is similarly constitutionally infirm.

Application of these criteria indicates that we must excise two specific statutory provisions: the provision that requires sentencing courts to impose a sentence within that applicable Guidelines range (in the absence of circumstances that justify a departure), see 18 USC. § 3553(b)(1)(supp. 2004), and the provision that

2.

sets forth standards of review on appeal... See § 3742(e)(main ed. and Supp. 2009). With these two sections excised (and statutory cross-references to the two sections consequently invalidated), that remainder of the Act satisfied the Court's constitutional requirements.

In place of the de novo appellate review standard formerly used to review departures from the then-mandatory guideline ranges, Booker provides for the courts' "reasonableness" review of sentences.

That having been said, all other statutory provisions detailing the federal sentencing scheme remain intact. Chief amongst those remaining provisions (for purposes of Guevara's appeal, at least) is § 3742(f), which requires that appellate courts continue to review to review sentencings to ensure that the guidelines are being correctly calculated and, if they are not, to necessarily remand for resentencing:

> (f) Decision and disposition. — If the Court of appeals determines that —
>
> (1) that the sentence was imposed in violation of law or as the result of an incorrect application of the sentencing guidelines, the Court shall remand the case for further sentencing processing...

Said another way, appellate courts must continue to review sentencing appeals to ensure the underlying legal correctness of the particular (advisory) guidelines calculation at issue.

3.

This approach is entirely consistent with that taken by at least two sister Circuits in the immediate aftermath of Booker. In Hughes, a case involving a Blakely/Booker sentencing challenge, the Forth Circuit held that it was reversible plain error for the district Court to have imposed a sentence greater then that otherwise permitted by jury findings alone. Writing for the Court, Chief Judge Wilkins explained that, post-Booker, a district Court still must necessarily calculate the (now-advisory) guideline range and then consider that range in conjunction with other § 3553(a) factors before sentencing a defendant:

---

1. Booker, 2005 WL 50108 at Note 11.
2. Id. at _____ .
3. 18 U.S.C. § 3742(f)(1).
4. See United States V. Hughes, 2005 WL 147059 (No. 03-4172), 4th. Cir. Jan 24, 2005) and United States V. Coffey, 2005 WL 119843 (Nos. 04-2176 and 04-2247, 8th. Cir. Jan. 21. 2005)
5. 2005 WL 147059 (No. 03-4172, January 24, 2005.
6. Id. at *2.

Consistent with the remedial scheme sit forth in Booker, a district Court shall first calculate (after making the appropiate findings of fact), the range prescribed by the guidelines. Then, the Court shall consider that range as well as other

4.

R does not factors Set forth in the guidelines and those factors set forth in 3553(a) before imposing the sentence. If the Court imposed a Range outside the guideline Range, it should explain its Reasons for doing so.

The Court thus Recognized that a district court's threshold obligation is the correct calculation of the now-advisory guideline Range. Nothing in Booker obviates that Requirement in the first place nor this Court's Requirement to Review and Remand incorrect Calculations in the second place. Of equal significance in Hughes in the Chief Judge's observation that the question of the "Reasonableness" of the sentence before the Appellate Court was not at issue, because the district Court had not yet imposed a Booker-inspired sentence.

In determining whether the exercise of our discretion [to correct plain error] is warranted, it is not enough for us to say that the sentence imposed by the district Court is Reasonable irrespective of the error. The fact Remains that a sentence has yet to be imposed under a Regime in which the guidelines are treated as advisory. To leave standing this sentence simply because it may happen to fall within the Range of Reasonableness unquestionably impugns the fairness, integrity, or public determination of judicial proceedings. Indeed, the determination or Reasonableness depends not only on the evaluation of the actual sentence imposed but also the method employed in determining it.

5.

Moreover, declining to notice the error on the basis that the sentence actually imposed is reasonable would be tantamount to performing the sentencing function ourselves. This is so because the district court was never called upon to impose a sentence in the exercise of its discretion. That the particular sentence sentenced imposed here might be reasonable is not to say that the district court, now vested with broader sentencing discretion, could not have imposed a different sentence that might also have been reasonable. We simply do not know how the district court would have sentenced [defendant] had it been operating under the regime established by Booker.

In short, an appellate court's "reasonableness" review can only take place in post-Booker sentencings.

---

Id at *3.
See § 3742(f)(1), supra.
Id. at *5.

## Guevara's Case

Guevara was sentenced under the pre-Booker sentencing scheme. He filed legal challenges to the guideline calculations set out in the PSR and ultimately adopted by the district

6.

Court. According to §3742(f)(1), he is entitled to this Court's de novo determination whether the calculations were legally correct. Nothing in Booker changes this aspect of the Federal Sentencing practice at the district court loud or on appeal. Nor does anything in Booker affect this Court's case law informing bench and bar as to how a particular offense qualifies as a crime of violence. Booker respectfully awaits this Court's adjudication of his guideline sentencing issue.

At the same time he receives that adjudication — and regardless of the crime of violence determination — Guevara's case must be remanded for resentencing. Last summer this Court accepted Guevara's Supplemental Initial Briefing that followed as a result of the Supreme Court's opinion in Blakely v. Washington. In that briefing, Guevara claimed Blakely (now Booker) error and argued his case was entitled to plenary review. Even if it were not entitled to full view, for the persuasive reasons published by the Fourth Circuit, Guevara submits he is entitled to remand and sentencing. See Hughes; see also Coffey.

At that resentencing, the district court will consider all of the § 3553(a) factors, which include consideration not only of the now-advisory guideline range but also of 3553(a)(2)(A). This latter provision district court directs courts to consider imposition of a "just punishment for the offense," which in turn will allow

7.

the district court to consider Congress's recent passage of the legislation specifically criminalizing "anthrax" hoaxes such as Guevara's. The district court's sentencing calculus will necessarily be informed by the Congressional statutory sentencing scheme, which in no way comes anywhere near supporting the life sentence levied in this case. Ultimately, it may be that the lower court will arrive at the same life sentence it initially imposed; but it may not. It is for that court — and not this Court — to make that determination. See Hughes.

After the district court resentences Guevara in accordance with Brook- but only then- would this Court be required or permitted to review Guevara's sentencing for reasonableness.

For the reasons set out in his initial brief, supplemental brief, and Rule 28(j) letters, and this brief, Guevara requests that this Court reverse his conviction and remand for resentencing on his remaining count of conviction. Alternatively, he asks this Court to remand his case for resentencing.

---

2005 WL at 119843. At *4. ("the Guidelines are now 'effectively advisory' and defendants such as Coffey who have preserved this issues are entitled to New Sentencing proceedings.")

Dated December 15th, 2009.

Respectfully Submitted
By: Frank R. Guevara
FRANK R. GUEVARA.
Montford Unit
8602 Peach St.
Lubbock Texas 79404

(9.)

